IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 1:22-cr-00181-JEB |
| ) | |
| DOUGLAS FARQUHAR MACRAE ) | |
| ) | |
| Defendant. ) | |

### Mr. Macrae's Response to the Government's Sentencing Memorandum

The government's sentencing memorandum includes a Table of January 6 Dispositions. ECF No. 24, Exh. 2 at 1 (Table 1 – Cases in which the government recommended a probation sentence without home detention). The Table's first page lists six defendants for whom the government recommended a period of probation without home confinement. In every case since, according to the Table, the government has recommended a minimum of home confinement where they have not recommended incarceration. The timing implies a policy change at the Department of Justice to not request straight probation in any January 6 cases.

In a footnote to the first page of the Table, the government attempts to justify the disparity among the recommendations by stating, "[e]arly in this investigation, the Government made a very limited number of plea offers in misdemeanor cases that included an agreement to recommend probation…". The government cites Ninth Circuit case law that finds no 18 U.S.C. § 3553(a)(6) disparity "between defendants who plead guilty under a "fast-track" program and those who do not given the "benefits gained by the government when defendants plead guilty early in criminal proceedings." ECF No. 24, Exh. 2 at 1, n.1.

This justification is undercut by the facts. First, there is no evidence of a "fast-track program" for January 6 defendants, like that established by the Department of Justice for

immigration cases.  *See, e.g.*, January 31, 2012 Memorandum for All United State Attorneys re: Department Policy on Early Disposition or "Fast-Track" Programs.[1]  The government certainly never informed Mr. Macrae of such a program.

Second, even if there were, the parameters of any such fast-track program are unclear. The footnote suggests there were two possibilities: either the government rewards those who pleaded guilty quickly after their arrest, or it rewards those who were arrested early in the government's investigation into the events of January 6, 2021.  Regarding the former, Mr. Macrae pleaded more quickly (measured by time between arrest and entry of plea) than any of the six cases cited by the government.[2]  *See* ECF No. 24, Exh. 2 at 1.

As to the latter, if the program rewards those pleading early in the investigation, it rewards those defendants that the government prioritized for early arrest, a factor over which Mr. Macrae had no control, and which actually suggests lesser culpability and risk to the community. There is no question that the government was aware of Mr. Macrae's identity, whereabouts, and conduct on January 6th shortly after the Capitol breach.  Mr. Macrae was first interviewed by law enforcement in January 2021, mere weeks after January 6th, at which point he was cooperative, readily acknowledged that he had entered the Capitol Building on that day, and was remorseful.  The government elected to not arrest him until May 2022.

---

[1] Available at: https://www.justice.gov/sites/default/files/dag/legacy/2012/01/31/fast-track-program.pdf.

[2] 65 days lapsed between Mr. Macrae's arrest and guilty plea: Mr. Macrae was arrested on May 16, 2022 (*see* ECF No. 5 (Arrest Warrant)) and subsequently entered his guilty plea on July 19, 2022. *See* ECF No. 20 (Plea Agreement).  Conversely, well over 100 days lapsed between the respective arrest and guilty pleas for the defendants identified in the Government's Table 1.

The implication of the government's footnote appears to be that the government might have recommended a sentence of probation only had the government chosen to arrest Mr. Macrae during his January 2021 meeting with law enforcement. However, since the government opted to defer charging Mr. Macrae for 16 months – during which time there are no allegations that he violated any laws or defended the actions of himself or others on January 6th – he appears to fall into a different category of defendants, and thus, the government has requested home confinement rather than probation only.

For the Court to follow the government's recommendation to not impose probation in this case would create unwarranted disparity. Given the relative conduct of Mr. Macrae and the defendants identified in the government's Table[3], the disparity cannot be justified by severity of conduct. Given the time between Mr. Macrae's arrest and his plea, the disparity cannot be justified by the relative speed of the defendants' acceptance of responsibility. Finally, disparity arising from the timing of the arrest would be arbitrary.

Mr. Macrae understands that this context for the government's recommendation is not dispositive of his sentence. However, given that Courts take government sentencing recommendations seriously, the government's faulty justifications for its policy change in those recommendations is a relevant consideration in the Court's ultimate sentence determination.

The government may have had any number of policy reasons to shift its recommendations in these cases. However, those reasons have nothing to do with Mr. Macrae individually. Prioritizing those policies over the individual circumstances of the case to impose more than probation will create unwarranted disparity. Further, those policies do not make it

---

[3] See the attached Exhibit 1, which defense counsel submits as an annotated version of the government's Table 1, to provide the Court additional detail concerning the relative conduct, arrest date, and guilty plea dates for the defendants identified therein.

necessary to impose more than probation on this particular person, Douglas Macrae, to achieve the goals of sentencing.

Dated: October 19, 2022

                                                  Respectfully submitted,

                                                  DOUGLAS MACRAE, JR.

                                                  By counsel,
                                                  Geremy C. Kamens
                                                  Federal Public Defender

                                                  _____/s/_____
                                                  Tiffany Wynn
                                                  Volunteer Attorney
                                                  D.C. Bar No. 1011424
                                                  Virginia State Bar No. 82832
                                                  Office of the Federal Public Defender
                                                  1650 King Street, Suite 500
                                                  Alexandria, VA 22314
                                                  T: 703.600.0800
                                                  F: 703.600.0880
                                                  Tiffany_Wynn@fd.org

                                                  Nathaniel Wenstrup
                                                  Assistant Federal Public Defender
                                                  Virginia State Bar No. 96324
                                                  1650 King Street, Suite 500
                                                  Alexandria, VA 22314
                                                  Nate_Wenstrup@fd.org
                                                  (703) 600-0825 – direct
                                                  (703) 800-0880 – fax

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 19, 2022, I will electronically file the foregoing with the Clerk of court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                                                                                                         _____/s/_____
Nathaniel Wenstrup
Assistant Federal Public Defender
Virginia State Bar No. 96324
1650 King Street, Suite 500
Alexandria, VA 22314
Nate_Wenstrup@fd.org
(703) 600-0825 – direct
(703) 800-0880 – fax